## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSIE T. WRIGHT,                    )
                                   )
                    Plaintiff,     )
                                   )
vs.                                )        Case No. 14-1319-DDC-KGG
                                   )
GENESH, INC.,                      )
                                   )
                    Defendant.     )
_____ )

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with her federal court Complaint alleging sexual harassment,

Plaintiff Josie T. Wright has filed a Motion to Proceed Without Prepayment of

Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of

Financial Status (Doc. 3-1, sealed).  She also has filed a Motion for Appointment

of Counsel.  (Doc. 4.)  Having reviewed Plaintiff's motions, as well as her

Complaint (Doc. 1), the Court is prepared to rule.

**I.      Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of

an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of

financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In her supporting financial affidavit, Plaintiff indicates she is 39 years old and single.  (Doc. 3-1, at 1.)  She lists two minor children, neither of whom live with her and for whom she currently does not provide financial support.  (*Id*., at 2.) She is employed and receives a modest monthly wage.  She also lists an amount received from Social Security as well as a small amount from "other gov't sources" over the past 12 months.  (*Id*., at 4-5.)

Plaintiff does not own real property, but does have a modest automobile on which she owes a significant monthly payment.  (*Id*., at 3-4.)  She indicates no cash on hand.  (*Id*., at 4.)  She pays a modest amount in monthly rent and enumerates

reasonable monthly expenses, including groceries, gas, and telephone.  (*Id.*, at 5.)
She has not filed for bankruptcy.  (*Id.*, at 6.)

Considering all of the information contained in the financial affidavit,
Plaintiff has reasonable monthly expenses and financial obligations with only a
modest amount of income, which is not enough to cover her monthly expenses.
Thus, the Court finds Plaintiff has established that she is entitled to file this action
without payment of fees and costs.  The Court **GRANTS** Plaintiff leave to proceed
*in forma pauperis* and directs that this case be filed without payment of a filing fee.

## II.     Motion for Appointment of Counsel.

The Tenth Circuit has identified four factors to be considered when a court is
deciding whether to appoint counsel for an individual: (1) plaintiff's ability to
afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of
plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without
the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985)
(listing factors applicable to applications under the IFP statute); *Castner v.
Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing
factors applicable to applications under Title VII).  Thoughtful and prudent use of
the appointment power is necessary so that willing counsel may be located without

the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

Having granted Plaintiff *IFP* status, *supra*, the Court finds that she has a limited ability to afford counsel, satisfying the first *Castner* factor.  While Plaintiff has not contacted the number of attorneys required in her motion to appoint counsel (*See* Doc. 4), the Court will not resolve this motion based on the second *Castner* factor.  The Court sees no basis to recommend dismissal to the District Court on the face of Plaintiff's federal court Complaint, satisfying the third factor. (Doc. 1.)  The Court thus addresses the fourth *Castner* factor – Plaintiff's capacity to represent herself.  979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.*, at 1422.  The Court notes that the factual and legal issues in this employment sexual harassment case are not unusually complex.  *Cf. Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other

4

untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  To the contrary, Plaintiff has shown her ability to represent himself by navigating the agency charging procedure and drafting her federal court Complaint, which set out the operative facts to support her claims.  (*See generally*, Doc. 1.)  Further, although Plaintiff is not trained as an attorney, and while an attorney might present her case more effectively, this fact alone does not warrant appointment of counsel.

The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to her case.  As such, her Motion to Appoint Counsel (Doc. 4) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 6th day of October, 2014.

S/ KENNETH G. GALE

KENNETH G. GALE

United States Magistrate Judge