# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JOSIE TOMALINA WRIGHT,**

    **Plaintiff,**

v.

    Case No. 14-CV-01319-DDC-KGG

**GENESH, INC., BRUCE MORGAN, and MIKE MELICHOR,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, proceeding *pro se*, brought this employment discrimination lawsuit in September 2014 (Doc. 1). The case was dismissed with prejudice after mediation and a stipulation of dismissal (Doc. 25). This case now comes before the court on plaintiff's Motion to Seal Case (Doc. 26). For the reasons explained below, the Court denies plaintiff's motion.

District courts have discretion whether to seal judicial records from the public. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). There is a strong presumption that the public has a right to access judicial records. *Id.* (citations omitted). This right to access enables the public to understand "disputes that are presented to a public forum for resolution" and assures "that the courts are fairly run and judges are honest." *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). But, the presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access.'" *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

To overcome the presumption toward public access, the moving party bears the burden to show a public or private harm sufficient to overcome the public's right of access to judicial

1

records.  *Id.*; *Garcia v. Tyson Foods, Inc.*, No. 06-2198-JWL-DJW, 2010 WL 3584462, at *1 (D. Kan. Sept. 13, 2010).  This is a heavy burden, especially where a party seeks to seal a case retroactively.  *See Helm v. Kansas*, 656 F.3d 1277, 1292–93 (10th Cir. 2011); *Flohrs v. Eli Lilly & Co.*, No. 12-2439-SAC, 2013 WL 4773515, at *2 (D. Kan. Sept. 4, 2013).  Our Court's local rules contemplate that the Court will rule whether to seal a document *before* the document is filed.  *See Flohrs*, 2013 WL 4773515, at *2; D. Kan. Rule 5.4.6.  Generally, sealing matters already made public is not permitted absent extraordinary circumstances.  *Flohrs*, 2013 WL 4773515, at *2 (citations omitted).  Here, plaintiff asks the Court to seal information that has existed in the public record for some time.  Plaintiff thus needs to show extraordinary circumstances to overcome the presumption of public access.

In exercising its discretion, a district court should weigh "the interests of the public, which are presumptively paramount, against those advanced by the parties."  *Crystal Grower's Corp.*, 616 F.2d at 461.  And a court should seal documents only on the "basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."  *Garcia*, 2010 WL 3584462, at *1 (internal quotation and citation omitted).

Plaintiff asks the Court to seal this case in its entirety to protect her reputation.  She does not want the public to have access to this lawsuit because she currently is working with an online record label and is involved in a custody dispute.  The Court finds that plaintiff has failed to articulate any facts upon which it may find a public or private harm sufficient to overcome the public's right of access to judicial records.  Plaintiff has alleged no public harm.  And any private harm alleged is speculative.  While the Court understands her desire for privacy, the Court concludes that plaintiff's privacy concern is not sufficient to outweigh the strong presumption for public access to judicial records.  The Court thus denies plaintiff's motion to seal her entire case.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Seal Case (Doc. 26) is denied.

**IT IS SO ORDERED.**

**Dated this 4th day of November, 2015, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**